UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

                Plaintiff,

    v.

DISCOUTNT TIRE, et al.,

                Defendants.

CASE NO. 3:23-CV-6033-BHS

REPORT AND RECOMMENDATION

Noting Date: December 15, 2023

        The District Court has referred Plaintiff Tiffany Recinos's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On November 11, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1.

        In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds the Court lacks subject matter jurisdiction over the claims. Therefore, the Court recommends this case be dismissed and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Amended Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed complaint, Plaintiff names Discount Tire and several officers of Discount Tire (i.e. the founder, the CEO, the COO, and the CFO) as defendants. Dkt. 1-1. Plaintiff complains about tires sold to her by a Discount Tire store in Washington State. *Id*.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a

REPORT AND RECOMMENDATION - 2

1   claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice
2   where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,
3   490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to
4   dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

5         Here, Plaintiff appears to be asserting this Court has jurisdiction over this case through
6   diversity jurisdiction. Dkt. 1-1 at 4. "The district courts shall have original jurisdiction of all civil
7   actions where the amount in controversy exceeds the sum or value of $75,000, . . .and is between
8   citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete
9   diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a different state from every
10  defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing
11  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

12        Plaintiff resides in Washington State and she alleges the defendants all reside in Arizona.
13  Dkt. 1-1. Regardless of whether Plaintiff has stated any claim against the named defendants, at
14  this time, the Court finds there are allegations showing complete diversity of citizenship of the
15  parties. Therefore, the central question is whether the amount in controversy has been met.
16  Plaintiff does not appear to state a specific amount in controversy in the proposed complaint;
17  however, she is requesting a new set of tires that cost her $423.43, an assessment of her car, and
18  some type of injunction for an alleged tire pressure scam. Dkt. 1-1. Plaintiff has not alleged facts
19  sufficient to show the amount at stake in this case is more than $75,000. Therefore, the Court
20  finds Plaintiff has not met amount in controversy requirements necessary for this Court to have
21  jurisdiction over her case.

22        **Conclusion.** As Plaintiff has not met the amount in controversy requirements, there is no
23  original jurisdiction through diversity and this Court lacks jurisdiction to hear this case.
24

REPORT AND RECOMMENDATION - 3

Based on the allegations contained in the record, the Court finds Plaintiff cannot cure the deficiencies of her proposed complaint. Further, the Court notes Plaintiff has a history of filing meritless lawsuits in this Court. The Court finds her history of arguably abusive litigation tactics in this Court warrants dismissal without leave to amend. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed amended complaint.

Accordingly, the Court recommends this case be dismissed and Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 15, 2023, as noted in the caption.

Dated this 27th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4