UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

          Plaintiff,

  v.

DISCOUNT TIRE, et al.,

          Defendants.

CASE NO. 3:23-cv-06033-BHS

ORDER

    This matter is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), recommending the Court deny pro se plaintiff Tiffany Recinos's application to proceed *in forma pauperis*, Dkt. 1, supported by her proposed complaint, Dkt. 1-1, and dismiss the case without prejudice and without leave to amend, for failure to state a plausible claim. Dkt. 5

    The Court notes that Recinos inexplicably appealed the case to the Ninth Circuit, before the Court made any rulings on her claim. Dkt. 3. Recinos alleges that she purchased four new tires from defendant Discount Tire for $423.43 on October 4, 2023. Dkt. 1-1 at 5. She apparently had a flat tire, and Discount Tire fixed it. They also did something to her Tire Pressure Monitoring System (TPMS). Recinos alleges she should

ORDER - 1

have had a new tire, not a patched one, and that the TPMS system is a "scam." She seeks to sue Discount Tire, its founder, its CEO, its COO, and its CFO. Dkt. 1-1 at 2–3.

The R&R points out that the while the parties may be of diverse citizenship, Recinos has not met and cannot meet the $75,000 amount in controversy requirement for this Court's subject matter jurisdiction. Nor has she plausibly alleged that her apparent claim for a new tire raises a federal question. Dkt. 5.

Recinos objects, asserting that "tires are defective and now battery of car affected by TPSM scam interference." Dkt. 8 at 1. She does not address the Court's jurisdiction or the R&R's recommendations.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(3). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2).

Recinos has not met this standard, and she cannot. She has not invoked this Court's subject matter jurisdiction and she has not asserted a plausible claim as a matter of law.

The R&R is **ADOPTED**, Recinos's application to proceed in forma pauperis is **DENIED**, and this case is **DISMISSED** and without leave to amend for failure to

1 | articulate any basis for this court's subject matter jurisdiction, and for failure to state a
2 | plausible claim.
3 |     The Clerk shall enter a **JUDGMENT** and close the case. The Court will not
4 | accept any further filings in this case other than a Notice of Appeal of this Order.
5 |     **IT IS SO ORDERED**.
6 |     Dated this 11th day of December, 2023.

                                  BENJAMIN H. SETTLE
                                  United States District Judge